NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2361
_____

BARBARA MANN, PERSONAL REPRESENTATIVE
OF THE ESTATE OF RICHARD NYBECK,
                                                    Appellant

v.

A.O. SMITH CORP.; ALLEN-BRADLEY COMPANY, CT CORPORATION
SYSTEMS; ARVIN MERITOR, SUCCESSOR TO ROCKWELL MANUFACTURING;
AURORA PUMP; BAYER CROPSCIENCE, INC., AS SUCCESSOR TO AMCHEM
PRODUCTS, INC.; BELL & GOSSETT/DOMESTIC PUMP; BORG WARNER
CORPORATION; BUFFALO PUMPS, INC.; BW/IP, INC.;
CBS CORPORATION, FORMERLY WESTINGHOUSE ELECTRIC CORPORATION;
CLEAVER-BROOKS, INC., A DIVISION OF AM-CHEM, INC.;
CRANE CO; DANA CORP, K/N/A DANA COMPANIES; FORD MOTOR CO.;
FOSTER WHEELER, LLC; GENERAL ELECTRIC COMPANY;
GOODYEAR TIRE AND RUBBER CO. CORPORATION SERVICE CO.;
GOULDS PUMPS, INC.; GRAYBAR ELECTRIC COMPANY, INC.;
HAJOCA CORPORATION; *HONEYWELL INTERNATIONAL; HONEYWELL,
INC.; IMO INDUSTRIES, INC., F/K/A DE LAVAL STEAM TURBINE COMPANY,
THE CORPORATION TRUST COMPANY; INGERSOLL-RAND & CO.; ITT BELL
GOSSET; ITT, INC.; J.A. SEXAUER; JOHN CRANE, INC.; MAREMONT
CORPORATION; METROPOLITAN LIFE INSURANCE CO.; MINNESOTA
MINING AND MANUFACTURING; OWENS-ILLINOIS, INC.; PECORA
CORPORATION; QUAKER CITY MOTOR PARTS; RAYLOC COMPANY, A
DIVISION OF GENUINE PARTS CO.; SUN COMPANY, INC.; TRANE US, INC.;
TUTHILL PUMPS; WEIL MCLAIN, A DIVISION OF THE MARLEY COMPANY,
A WHOLLY OWNED SUBSIDIARY OF UNITED DOMINION INDUSTRIES, INC.;
WEYERHAEUSER COMPANY

----------------------------------
TUTHILL  PUMPS,
                    Third-Party Plaintiff

v.

MANVILLE PERSONAL INJURY SETTLEMENT TRUST,

Third-Party Defendant

**\*(Dismissed pursuant to the Clerk's Order of 01/11/2022)**

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-17-cv-04428)
District Judge: Honorable Eduardo C. Robreno[1]

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on October 4, 2022

Before: CHAGARES, *Chief Judge,* SHWARTZ, and SCIRICA, *Circuit Judges.*

(Filed: March 3, 2023)

_____

OPINION[**]

_____

SCIRICA, *Circuit Judge*

In 2016, Richard Nybeck sued asbestos product manufacturers in the Philadelphia

Court of Common Pleas alleging he developed lung cancer after occupational exposure to

_____

[1] After deciding the motion at issue in this appeal, Judge Robreno transferred the case to the Honorable Mitchell S. Goldberg.
[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

asbestos. Foster Wheeler, an appellee in this matter[2], removed the case pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. District Judge Eduardo Robreno dismissed the suit and counsel failed to timely amend. Nybeck then brought the present suit. Judge Robreno dismissed Nybeck's claims against Appellees on claim preclusion grounds. Nybeck succumbed to lung cancer in 2020; his daughter, Barbara Mann, brings this appeal on behalf of his estate.[3] As the dismissal of Nybeck's complaint in *Nybeck I* was a valid final judgment on the merits, we will affirm.

## I.

In accordance with local pleading practices, Nybeck initially filed a "short form" complaint which incorporated a master long form complaint by reference instead of laying out defendant-specific facts and allegations. After Foster Wheeler removed *Nybeck I*, Owens-Illinois, who is not an appellee, moved for dismissal for failure to state a claim, arguing Nybeck's short form complaint did not comply with federal pleading standards. The District Court granted the motion but also granted Nybeck's counsel leave to amend his complaint.

Nybeck failed to file an amended complaint before the District Court's deadline because his counsel inadvertently misplaced the dismissal order. Over five months after the deadline, Nybeck's counsel filed a motion for leave to file an amended complaint out of time. The Court denied the motion and dismissed the complaint, remarking that

---

[2] Appellees are CBS Corporation, Foster Wheeler LLC, IMO Industries, Inc., and John Crane, Inc.

[3] Continuing the parties' practice, we will refer to appellant as Richard Nybeck.

Nybeck's counsel had asserted Nybeck could refile because the statute of limitations had not yet run.

Instead of appealing the dismissal order, Nybeck's counsel filed *Nybeck II*. In his brief, Nybeck explains that he understood the District Court's order as an "apparent invitation" to refile rather than make a Fed. R. Civ. P. 60 motion or appeal. Appellant Br. at 8. Appellees moved to dismiss, arguing that the new complaint was precluded by the District Court's dismissal order in *Nybeck I.* The Court granted Appellees' motion[4], and Nybeck took this appeal.

## II.[5]

Nybeck contends the District Court erred in dismissing *Nybeck I.* As this appeal is from the dismissal of *Nybeck II*, not *Nybeck I*, the sole issue before us is whether claim preclusion bars Nybeck's renewed claims against Appellees.[6] We answer that question in the affirmative.

---

[4] Claim preclusion can be a proper basis for a 12(b)(6) dismissal if the grounds for preclusion are "apparent on the face of the complaint," *Bethel v. Jendoco Constr. Corp*., 570 F.2d 1168, 1174 & n.10 (3d Cir. 1978), or when the District Court presided over the first suit. *Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 280 (3d Cir. 2016) (reasoning that the purpose of the "on the face" requirement "is to avoid factual contests at the motion to dismiss stage"). Here, District Court Judge Eduardo Robreno presided over the dismissal orders in both *Nybeck I* and *Nybeck II*.

[5] The District Court had jurisdiction under 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291 and review a district court's grant of a motion to dismiss *de novo*. *Covington v. Int'l Ass'n of Approved Basketball Offs.*, 710 F.3d 114, 118 (3d Cir. 2013).

[6] In general, we lack jurisdiction over civil cases that are not appealed in accordance with Federal Rule of Appellate Procedure 4(a). *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988) ("[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional . . . .").

Claim preclusion is proper where (1) there is a final judgment on the merits; (2) the same parties are involved in both suits; and (3) the same cause of action is involved in both suits.[7] *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008); *see also Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). The "essential similarity of the underlying events giving rise to the various legal claims" determines whether two causes of action are the same for claim preclusion purposes. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014) (emphasis omitted) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010)). Nybeck argues the first element of claim preclusion is not met and suggests, in a roundabout fashion, that the second element is likewise not met. Nybeck does not contest the third element.

Nybeck's clearest argument goes to the first element of claim preclusion: a final judgment on the merits. Nybeck claims he reasonably believed that his complaint in *Nybeck I* was dismissed without prejudice and, in the alternative, that the dismissal pursuant to Rule 12(b)(6) was invalid. Appellees respond that Nybeck is, in effect, attempting to appeal *Nybeck I.* We agree.

A district court's dismissal without prejudice for failure to state a claim is converted into a dismissal with prejudice if plaintiff "declar[es] his intention to stand on

---

[7] The parties assume federal preclusion law applies. Pennsylvania preclusion law produces the same result. *Compare McArdle v. Tronetti*, 627 A.2d 1219, 1222 (Pa. Super. Ct. 1993) (explaining that, under Pennsylvania law, "*res judicata* generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims") *with Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014) (applying federal preclusion law and offering the same explanation).

his complaint" by failing to timely amend it. *Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 279 (3d Cir. 2016) (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951–52 (3d Cir. 1976)). Nybeck asserts he did not "stand on his complaint" because he declared no intention of doing so.

In support of his contention, Nybeck attempts to distinguish his case from *Hoffman*. Hoffman, "a serial *pro se* class action litigant," chose to file a new complaint, rather than amend the original, after the District Court entered an adverse judgment on the pleadings. *Hoffman*, 837 F.3d at 274, 276. When Hoffman appealed the District Court's decision to dismiss his second suit on claim preclusion grounds, this Court affirmed, finding that Hoffman had declared his intention to stand on his original complaint by filing a new lawsuit. *Id.* at 279–80. Nybeck points out that he did not make an affirmative decision to refile, as Hoffman did. Instead, he inadvertently missed the filing deadline and then attempted to amend his complaint out of time.[8] This is not a legally significant distinction. A plaintiff who inadvertently fails to amend his complaint has still failed to amend it. *See Id.* at 279 n.49 (listing cases).

The second element of claim preclusion is also met here. Nybeck agrees that he and Appellees were parties to both *Nybeck I* and *Nybeck II*. He suggests, however, that

---

[8] In his reply brief, Nybeck characterizes his untimely Motion for Leave to Amend as a Rule 60(b) motion. Even if Nybeck's Motion for Leave were reclothed as a Rule 60(b) motion, it would not have the effect he seeks. According to Nybeck, if the Motion for Leave is understood as a Rule 60(b) motion, the District Court's dismissal order would not be final. In emphasizing that he brought the motion within a year of the District Court's judgment, as required under 60(d), Nybeck neglected to give due attention to 60(c)(2): "The motion does not affect the judgment's finality or suspend its operation."

claim preclusion is improper because Appellees did not join Owen-Illinois' motion to dismiss in *Nybeck I*. Nybeck proposes that Appellees could not have joined Owen-Illinois' motion because some defendants in *Nybeck I* filed answers in state court.

Nybeck did not properly preserve this line of argument. Even if he had, it is unavailing. A district court is empowered to dismiss a complaint *sua sponte* under Rule 12(b)(6), even as to non-moving defendants, so long as the plaintiff has notice and an opportunity to respond. *See, e.g.*, *Oatess v. Sobolevitch*, 914 F.2d 428, 430 n.5 (3d Cir. 1990) (approving, in at least some cases, *sua sponte* dismissal after service of process when plaintiff is given the opportunity to respond); *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008) (approving *sua sponte* dismissal when district court has "acquired knowledge of the facts it needs to make an informed decision"); *Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 7 (1st Cir. 2007) (similar); *see also Acequia, Inc. v. Prudential Ins. Co. of Am.*, 226 F.3d 798, 807 (7th Cir. 2000) ("[W]here one defendant succeeds in winning summary judgment on a ground common to several defendants, the district court may also grant judgment to the non-moving defendants, if the plaintiff had an adequate opportunity to argue in opposition.").

Nybeck responded to Owen-Illinois' motion to dismiss. The deficiencies Owens-Illinois identified in its motion were common to all defendants, as they stemmed from Nybeck's use of a short form complaint. Accordingly, the second element of claim preclusion is met.

V.

Nybeck cannot now challenge the District Court's dismissal of *Nybeck I*. Under

this Circuit's precedent, a plaintiff is said to "stand on his complaint" even if his failure to file a timely motion to amend was inadvertent. *Hoffman*, 837 F.3d at 279–80. His failure to file a timely motion to amend, though inadvertent, means that *Nybeck I* was dismissed on the merits.

Accordingly, we will AFFIRM the District Court's dismissal of *Nybeck II* on claim preclusion grounds.